**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS**

_____

| | | |
|---|---|---|
| **DANIEL FAULK, SR., as Conservator of the Person and Estate of PAUL A. FAULK,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **Case No.:** _____ |
| **TILDEN FUNDAMENTAL CYPRESS LAKES APARTMENTS, LLC, TILDEN FUNDAMENTAL (CYPRESS LAKES) HOLDINGS, LLC, CAPREIT RESIDENTIAL MANAGEMENT, LLC and JOHN DOES 1-5,** | ) ) ) ) ) ) | **JURY DEMANDED** |
| **Defendants.** | ) ) | |

_____

### COMPLAINT FOR DAMAGES
_____

Plaintiff, DANIEL FAULK, SR., as Conservator of the Person and Estate of PAUL A. FAULK ("Plaintiff"), by and through their counsel of record, **Wells & Associates, PLLC**, and for this Complaint for Damages against the Defendants, TILDEN FUNDAMENTAL CYPRESS LAKES APARTMENTS, LLC, TILDEN FUNDAMENTAL (CYPRESS LAKES) HOLDINGS, LLC, CAPREIT RESIDENTIAL MANAGEMENT, LLC and JOHN DOES 1-5. (Collectively "Defendant"), states as follows:

### JURISDICTION

1. Plaintiff is a resident of Memphis, Shelby County, Tennessee. Paul Faulk is also a resident of Memphis, Shelby County, Tennessee.

2. Upon information and belief, Defendant TILDEN FUNDAMENTAL CYPRESS LAKES APARTMENTS, LLC, is a foreign corporation authorized to do business in the State of

Tennessee and otherwise conducting business within the State of Tennessee.

3.      Upon information and belief, Defendant TILDEN FUNDAMENTAL (CYPRESS LAKES) HOLDINGS, LLC, is a foreign corporation authorized to do business in the State of Tennessee and otherwise conducting business within the State of Tennessee.

4.      Upon   information   and   belief,   Defendant   CAPREIT   RESIDENTIAL MANAGEMENT, LLC, is a foreign corporation authorized to do business in the State of Tennessee and otherwise conducting business within the State of Tennessee.

5.      Upon information and belief, Defendants principal place of business address is 11200 Rockville Pike, Rockville, Maryland 20852-3152.

6.      Upon information and belief, Defendants may be served with process at the address of its Registered Agent, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

7.      Defendants John Does 1-5 are unknown individuals and/or entities liable to Plaintiff for the acts and omissions as alleged herein. Names and capacities of Defendants John Does 1-5 inclusive, whether individual, corporate, or otherwise, are presently unknown to Plaintiff who, therefore sue said Defendant by fictitious names and will further seek leave from this Honorable Court to amend this Complaint to show their true names and capacities when the same are ascertained.  Plaintiff alleges upon information and belief that each of the Defendants designated herein as a Doe is responsible in some manner and liable herein to Plaintiff by reason of negligence, wanton and reckless misconduct, breach of warranty, and/or in some other manner whether alleged herein in this Complaint or not, and by such wrongful conduct, and said Defendants, each of them, proximately caused injury and damage occasioned herein.

8.      This cause of action arises out of tort to include, but not limited to, negligent and/or

reckless acts and/or omissions for the personal injuries and damages sustained to the Plaintiff, by the Defendants that occurred on Defendants' property in Memphis, Shelby County, Tennessee.

9.     Said incident is the subject matter of this cause of action, and Defendants are subject to the jurisdiction and venue of this Honorable Court.

## FACTS

10.     On or about May 1, 2020 in the morning, Paul Faulk ("The Ward") was walking back to his apartment home from the leasing office, at Waterview Apartment Homes, 6879 Woodlake Drive, Memphis, Shelby County, Tennessee.

11.     Upon information and belief, Waterview Apartments are owned and/or operated by Tilden Fundamental Cypress Lakes Apartments, LLC and/or Tilden Fundamental (Cypress Lakes) Holdings, LLC.

12.     Upon information and belief, Waterview Apartments are managed by CAPREIT RESIDENTIAL MANAGEMENT, LLC, a subsidiary and/or affiliate of Tilden Fundamental Cypress Lakes Apartments, LLC and/or Tilden Fundamental (Cypress Lakes) Holdings, LLC.

13.     At or around 10:20am, an unidentified person(s) was operating a vehicle in an unsafe manner on the Waterview Apartment Homes premises, hit Paul Faulk at a high rate of speed and left the scene.

14.     During this vehicular assault, Paul Faulk was severely injured by the impact of the hit and run.

15.     Shortly thereafter, a neighbor called Memphis Emergency Medical Services that arrived shortly thereafter and transported Paul Faulk to Regional One Medical Center in Memphis, Shelby County Tennessee.

16.     Upon information and belief, Paul Faulk suffered severe and catastrophic injuries

that were treated at Regional One Medical Center.

17.     For a period of time prior to and after May 1, 2020, the parking lots, common areas, and other areas surrounding the subject premises were not operated and/or maintained in a reasonably safe manner. Defendant knew or should have known that said areas were not operated and/or maintained in a reasonably safe manner.

18.     At all times pertinent to this cause of action, Defendant owned, possessed, controlled, and/or managed and/or possessed the right to control, operate and/or manage Waterview Apartment Homes, located in Memphis, Shelby County, Tennessee.

19.     Defendant failed to fulfill their duty to use reasonable care and take adequate and reasonable precautions and measures to protect the tenants of the subject premises from foreseeable harm and danger, including the harm suffered by Plaintiff/The Ward.

20.     Defendant, at all times relevant hereto, failed to provide reasonable and adequate protection for Plaintiff/The Ward and other invitees on the premises despite the knowledge of Defendant, actual or otherwise, about the dangers existing there.

21.     Defendant owed a duty to Plaintiff/The Ward to provide security and to warn of known dangers, to hire adequately trained employees and agents, to control the conduct, ingress, and egress of third-persons, and to adequately respond to a criminal attack on the premises.

22.     Before May 1, 2020, Defendant knew or should have known that the subject premises, including the common areas, had inadequate security, that strangers and loiterers frequented the common areas of the premises and that the premises, including the common areas, were not reasonably safe and that criminal acts against their tenants and invitees were reasonably foreseeable. Despite knowledge of these conditions, Defendant did nothing to remedy or repair these unsafe conditions and inadequacies. Defendant also knew or should have known that an

4

atmosphere of violence existed at and immediately around the apartment complex. Further, Defendant did nothing to warn tenants and invitees that an atmosphere of violence existed on and around the property.

23.     Contributing and/or proximate factors or causes of the attack on Plaintiff, was Defendant's failure to monitor the ingress and egress of strangers in and around the premises, and the unsafe condition of the premises in general.

24.     Further contributing and/or proximate factors or causes of the vehicular assault on Plaintiff/The Ward include the failure of Defendant to place speed bumps and/or other traffic devices and to hire a trained and certified security guard service despite their knowledge of the need for such service to protect their tenants and business invitees.

25.     Defendant owed a duty to Plaintiff/The Ward to provide a reasonably safe environment, a duty to warn of known dangers, and a duty to hire adequately trained employees and agents, and to maintain adequate security at the property including, but not limited to, fencing, gates, lighting, and cameras.

26.     At the time of the subject incident, Defendant failed to fulfill their joint, several, and/or collective duties of ordinary reasonable care to make the subject premises reasonably safe and failed to take measures to protect tenants and business invitees from foreseeable harm or danger, including the harm suffered by Plaintiff/The Ward.

**COUNT 1:     FAILURE TO PROVIDE A REASONABLY SAFE PREMISES**

27.     Plaintiff/The Ward adopts by reference the foregoing paragraphs.

28.      Defendant, individually, jointly, and severally, owed Plaintiff/The Ward an ordinary duty of care, specifically, a duty to provide reasonable safety measures to protect Plaintiff/The Ward from foreseeable harm.

29.     Defendant breached said duty owed to Plaintiff/The Ward and were negligent by failing to provide adequate security at the apartments, by failing to control ingress and egress, by failing to take or implement reasonable measures for the personal security and safety of Plaintiff/The Ward, by failing to provide tenants with "resident stickers" for their vehicles, failure to maintain adequate lighting and sight lines, failure to maintain security gates and fences, by failing to warn Plaintiff/The Ward of the foreseeable harm he suffered, and by failing to reasonably inspect and make the premises safe. Despite their knowledge of these conditions, Defendant did nothing to remedy or repair these unsafe conditions and inadequacies.

30.     Contributing and/or proximate factors or causes of the attack on Plaintiff/The Ward were a complete lack of security at the apartment complex, the lack of adequate gates and fences, the presence of strangers in and around the apartments, and the unsafe conditions of the apartments in general.

31.     At the time of the subject incident, Defendant failed to fulfill their joint, several, and/or collective duties of ordinary reasonable care to make the apartments reasonably safe including failure to take reasonable security precautions or measures and to take other such reasonable security precautions or measures to protect tenants and business invitees from foreseeable harm and danger, including the harm suffered by Plaintiff/The Ward.

### COUNT 2:    FAILURE TO TRAIN/SUPERVISE

32.     Plaintiff/The Ward adopts by reference the foregoing paragraphs.

33.     Defendant owed Plaintiff/The Ward an ordinary duty of care to train, hire, and supervise all employees regarding how to identify, report, and prevent threats or acts of violence on the property and potential security breaches, in order to satisfy their duty of protection to their business invitees and tenants.

34.     Defendant further failed to train their on-site manager(s), and all other on-site employees at Waterview Apartment Homes in the areas of security, risk management, and generally how to keep their tenants and business invitees reasonably safe from foreseeable harm.

## COUNT 3:     FAILURE TO WARN

35.     Plaintiff/The Ward adopts by reference the foregoing paragraphs.

36.     Plaintiff's/The Ward's injuries occurred as a direct result and proximate consequence of Defendant's negligence, breach of duty of care, and failure to warn of past and foreseeable criminal conduct. As a result of these acts, omissions, and misrepresentations of Defendant, Plaintiff/The Ward suffered catastrophic pain and injuries.

## COUNT 4:     GROSS NEGLIGENCE

37.     Plaintiff/The Ward adopts by reference the foregoing paragraphs.

38.     The actions, omissions, and conduct of the Defendant was done without just cause and reckless, wanton, conscious, and knowing disregard of Plaintiff's/The Ward's rights and personal safety.  Defendant was grossly negligent in engaging in the aforesaid acts, omissions, and conduct.

## INJURIES

39.     Plaintiff/The Ward alleges that as a direct and proximate result of negligence on the part of the Defendant, Paul Faulk, suffered severe, serious, painful, and permanent personal injuries including, but not limited to, the following:

   a.     Fractured Ribs;

   b.     Fractured back;

   c.     Fractured leg;

   d.     Sleep disturbances;

  e.  Severe Loss of blood;

  f.  Fatigue;

  g.  Irritability;

  h.  Great physical pain, past and future;

  i.  Great psychological and emotional suffering, past and future;

  j.  Severe fright and shock;

  k.  Loss of enjoyment of life, past and future; and

  l.  Loss wages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff/The Ward respectfully prays:

1.  That proper process issue against the Defendant requiring them to plead and answer.

2.  That Plaintiff, DANIEL FAULK, SR., as Conservator of the Person and Estate of PAUL A. FAULK, be awarded a judgment against the Defendant in an amount not less than Two Million Dollars ($2,000,000.00) in actual and compensatory damages.

3.  That Plaintiff, DANIEL FAULK, SR., as Conservator of the Person and Estate of PAUL A. FAULK, be awarded punitive damages in amount not less than Ten Million Dollars ($10,000,000.00) for Defendant's grossly negligent, reckless and/or willful acts and/or omissions in this case, where such actions caused actual damage to the Plaintiff.

4.  That Plaintiff, DANIEL FAULK, SR., as Conservator of the Person and Estate of PAUL A. FAULK, be granted such other relief, general or specific, that this Honorable Court deems equitable and just.

5.  That the costs of this action be awarded to Plaintiff.

6.  That a jury of the Plaintiff's peers be empaneled to try these issues when joined.

7.    That the Plaintiff reserves the right to amend these pleadings to conform to the facts of this matter.

Respectfully Submitted,

**WELLS & ASSOCIATES, PLLC**

s/Murray B. Wells
s/Aaron A. Neglia
MURRAY B. WELLS (BPR# 021749)
AARON A. NEGLIA (BPR# 033816)
Attorneys for Plaintiff
81 Monroe Avenue – Suite 400
Memphis, TN 38103
PHONE:        (901) 507-2521
FACSIMILE:  (901) 507-1791
EMAIL:        wells@thewellsfirm.com
EMAIL:        neglia@thewellsfirm.com