IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DANIEL FAULK, as conservator of the person and estate of PAUL A. FAULK, <br><br> Plaintiff, <br><br> v. <br><br> TILDEN FUNDAMENTAL CYPRESS LAKES APARTMENTS, LLC, et al. <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    No. 2:21-cv-02264-SHM-atc<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING DEFENDANTS' MOTION TO PAY SETTLEMENT PROCEEDS INTO COURT AND DENYING REQUEST TO INTERPLEAD PLAINTIFF'S COUNSEL**

Before the Court is Defendants' Motion to Pay Settlement Proceeds Into Court (the "Motion"), filed by Defendants Capreit Residential Management, LLC; Tilden Fundamental Cypress Lakes Apartments, LLC; Tilden Fundamental (Cypress Lakes) Holdings, LLC; and John Does 1-5 ("Defendants"). (ECF No. 47.)  The Motion was filed on January 31, 2024, and Plaintiff Daniel Faulk, acting as conservator of the person and estate of Paul A. Faulk, has not responded in the time allowed by the local rules.  (Id.); L. R. 7.2(a)(2).  For the following reasons, Defendants' Motion is GRANTED IN PART and DENIED IN PART.

**I.   Background**

On April 27, 2021, Plaintiff, as conservator of the person and estate of Paul A. Faulk, sued Defendants for injuries Paul

Faulk sustained after being hit by a car at an apartment complex owned and operated by Defendants. (ECF No. 1.) The parties filed a Notice of Settlement on September 29, 2022. (ECF No. 43.) The parties filed a Joint Stipulation of Dismissal on November 23, 2022, and the Court dismissed the action with prejudice the same day. (ECF Nos. 44-46.)

Plaintiff has been represented by several attorneys throughout this action, including Murray B. Wells of Wells & Associates, PLLC. (ECF Nos. 9, 31, 32, 41.) The Court granted Wells's Motion to Withdraw on August 31, 2022, and Plaintiff is currently represented by Edward T. Autry. (ECF Nos. 32, 41.) Also on August 31, 2022, Wells filed a Notice of Attorney's Lien, asserting entitlement to 33 and 1/3% of the ultimate settlement amount. (ECF No. 40.)

Defendants filed the instant Motion, seeking permission to pay the settlement funds into Court and asking the Court to interplead Plaintiff's current and former counsel. (ECF No. 47.) Defendants represent that the parties agreed to a settlement amount, and Plaintiff promised to update Defendants about the status of an outstanding Medicare lien, so that the parties could ensure proper notice and resolution of the lien. (Id. at 2.) Defendants have not yet received the necessary information about the status of the lien. (Id.) Defendants also represent that Plaintiff's former and current counsel have not agreed about how

2

to divide attorneys' fees.   (Id.)   Defendants assert that the Medicare and attorneys' fee liens must be resolved before settlement funds can be disbursed and seek permission to pay the funds into Court pending resolution of those disputes.   (Id.) Defendants also seek an "order addressing the outstanding lien issues." (Id.)

Although Plaintiff has not filed a response, Defendants filed a Certificate of Consultation declaring that they had consulted with Wells, who does not object to paying the funds into Court. (ECF No. 47 at 3.)   Defendants declared that they have been unable to reach an agreement with Autry on all issues relevant to the Motion.

## II.  Standard of Review

Federal Rule of Civil Procedure 67 establishes that:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party -- on notice to every other party and by leave of court -- may deposit with the court all or part of the money or thing, whether or not that party claims any of it.

Rule 67 exists to "relieve a party who holds a contested fund from responsibility for disbursement of that fund among those claiming some entitlement thereto," but "may not be used as a means of altering the contractual relationships and legal duties of each

3

party." <u>Russian Collections, Ltd. v. Melamid</u>, 2:09-cv-300, 2009 WL 1625296, at *1 (S.D. Ohio, June 5, 2009); <u>Pentacles I, LLC v. Pegasus Energy Resources Corp.</u>, 3:12-cv-308(VARLAN/GUYTON), 2012 WL 12886614, at *2 (E.D. Tenn. Sept. 20, 2012). "Rule 67 is most commonly applied in cases of interpleader, where the moving party holds funds to be disbursed to two or more parties disputing ownership." <u>ArcelorMittal Cleveland, Inc. v. Jewell Coke Company, L.P.</u>, No. 1:10-cv-00362, 2010 WL 5158869, at *1 (N.D. Ohio Dec. 14, 2010). "The dispute over the money must be capable of being resolved by the Court's ruling in the case." <u>Pentacles I</u>, 2012 WL 1288614 at *3.

## III. Analysis

Defendants' request to pay settlement funds into Court is GRANTED. Liability has been settled and a judgment entered in this case. Defendants are not asking the Court to hold funds while the parties litigate their respective liability. <u>Cf.</u> <u>Russian Collections</u>, 2009 WL 1625296, at *2 (denying motion where the defendant sought payments under a contract, and plaintiff sought to make payments to the court during litigation, thereby denying defendant "both the benefits of his contract and a right of action for its breach"); <u>Tops Market, LLC v. Brookgate Associates, LLC</u>, No. 1:07 CV 1620, 2007 WL 2156389, at *1 (N.D. Ohio Jul. 23, 2007) (denying motion where there was "no real dispute concerning the funds themselves," but only related to parties' "rights and

obligations" under a lease). Here, Defendants hold funds agreed to be disbursed, but Plaintiff's attorneys and debtors dispute ownership. <u>ArcelorMittal</u>, 2010 WL 5158869 at *1.

Defendants' request to interplead Plaintiff's current and former counsel under Fed. R. Civ. P. 22 is DENIED. Rule 22 allows a defendant to interplead a party that is "exposed to similar liability" by filing a "crossclaim or counterclaim." Fed. R. Civ. P. 22(a)(2). A dispute between Plaintiff's former and current counsel about attorney's fees is a separate claim, based in state contract law, in which Defendants have no interest. <u>Kalyawongsa v. Moffett</u>, 105 F.3d 283, 287-88 (6th Cir. 1997) (holding that "attorneys' fee arrangements are contracts under state law," although federal courts have an interest in "fee disputes that are related to the main action"). District courts have the discretion, but are not required, to exercise supplemental jurisdiction over such disputes. <u>Brawner v. Scott County, Tennessee</u>, 2024 WL 832886, No. 3:17-CV-108-JRG-JEM, at *6 (E.D. Tenn. Feb. 5, 2024); <u>U.S. v. Four Hundred Seventy Seven (477) Firearms</u>, No. 09-CV-10463, 2011 WL 4062378, at *2 (E.D. Mich. Sept. 13, 2011). Neither Plaintiff's current nor former counsel has filed a claim for attorneys' fees with the Court, or explained why the Court should exercise jurisdiction over such a claim. The Court will not interplead Plaintiff's counsel at the request of Defendants, to litigate a

claim to which Defendants are not party and about which the Court has limited information.

## IV.  Conclusion

Defendants' Motion is GRANTED IN PART, insofar as Defendants seek to pay the settlement amount into Court.  It is DENIED IN PART, insofar as Defendants seek to interplead Plaintiff's current and former counsel.  Insofar as Defendants ask the Court for an order resolving the outstanding liens, a telephone status conference is scheduled for **July 18, 2024 at 1:15 p.m.** to discuss any remaining issues delaying disbursement of the settlement.

SO ORDERED this 9th day of July, 2024.

*/s/  Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE