IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| **DANIEL FAULK, as conservator of the person and estate of PAUL A. FAULK,**<br><br>      Plaintiff,<br><br>v.<br><br>**TILDEN FUNDAMENTAL CYPRESS LAKES APARTMENTS, LLC, et al.,**<br><br>      Defendants. | No. 2:21-cv-02264-SHM |

---

**ORDER DENYING MOTION TO EXERCISE SUPPLEMENTAL JURISDICTION AND DENYING MOTION TO DECLARE ATTORNEYS' LIEN INVALID**

---

This matter arises from an attorneys' fee dispute between Plaintiff Daniel Faulk ("Plaintiff") and his former counsel, Murray B. Wells of Wells & Associates, PLLC ("Wells"). The case was settled, and the Court entered a dismissal order and judgment on November 23, 2022. (ECF Nos. 45, 46). Before the Court are two motions. On August 15, 2024, Plaintiff filed a Motion to Declare Attorneys' Lien Invalid ("Plaintiff's Motion"). (ECF No. 51). On the same day, Wells filed a Motion for the Court to Exercise Supplemental Jurisdiction over the issue of attorneys' fees ("Wells' Motion"). (ECF No. 52). For the reasons below, Wells' Motion is **DENIED**. Because the Court lacks jurisdiction over this matter, Plaintiff's Motion is **DENIED**.

I.  **BACKGROUND**

On April 27, 2021, Plaintiff filed suit against Defendant Tilden Fundamental Cypress Lakes Apartments, LLC and its affiliates ("Defendants"), seeking damages for injuries sustained in an automobile accident on property owned and operated by Defendants. (ECF No. 1). On September 29, 2022, the parties reached a settlement. (ECF No. 43). On November 23, 2022, the Court dismissed the case with prejudice by joint stipulation of the parties and entered judgment. (ECF Nos. 44-46).

During the course of the litigation, Plaintiff has changed counsel frequently. Initially, Plaintiff retained Wells & Associates, PLLC to represent him, with the original complaint listing Wells and his associate Aaron A. Neglia ("Neglia") as counsel. (ECF No. 1). Neglia filed a notice of appearance as attorney of record on April 29, 2021. (ECF No. 9). However, on June 27, 2022, Neglia withdrew from representation after he had been suspended from practice by the Supreme Court of Tennessee for professional misconduct. (ECF No. 31).

After Neglia's suspension, Plaintiff retained the law firm Williams McDaniel, PLLC to take over Neglia's matters. (ECF No. 32). On July 9, 2022, Edward T. Autry ("Autry"), an attorney from that firm, filed a notice of appearance as Plaintiff's counsel. (ECF No. 32). On August 31, 2022, Wells withdrew from

2

representation (ECF Nos. 38, 41) and filed a Notice of Attorneys' Lien, claiming entitlement to "33 and 1/3% of the ultimate settlement amount" for legal services rendered under a fee agreement. (ECF Nos. 40, 49). Since then, Autry has remained Plaintiff's sole counsel.

After the case had settled, a dispute arose about the division of attorneys' fees between Plaintiff's former and current counsel. On January 31, 2024, Defendants filed a motion requesting permission to deposit the settlement proceeds into the Court and to interplead Wells and Autry to resolve the fee dispute. (ECF No. 47). Defendants argued that the "outstanding issues related to … attorneys' lien must be resolved in order to disburse settlement funds." (ECF No. 47). On July 9, 2024, the Court granted Defendants' motion to deposit settlement proceeds into the Court, but denied the request for interpleader. (ECF No. 49).

On August 15, 2024, Plaintiff filed this Motion asking the Court to invalidate Wells' attorneys' lien or, alternatively, conduct a hearing to determine the extent of Wells' entitlement. (ECF No. 51). On the same day, Wells filed a response to Plaintiff's motion and simultaneously moved the Court to exercise supplemental jurisdiction over the issue of attorneys' fees. (ECF No. 52).

The parties dispute several material facts underlying the fee issue. Plaintiff argues that Wells had no right to unilaterally declare an attorneys' lien pursuant to contract because no such fee agreement existed between Plaintiff and Wells. (ECF No. 51). Plaintiff asserts that Wells has failed to produce any billing statements or written documentation evidencing the alleged agreement. (ECF No. 51). Plaintiff further asserts that "Neglia, not Wells, performed all work associated with this matter." According to Plaintiff, even under a *quantum meruit* theory, Wells is entitled only to reimbursement for the $402.00 civil filing fee, because he performed no substantive legal work to advance the litigation. (ECF No. 51).

Wells provides a contradictory account. He asserts that his firm performed the majority of the work on the case, including "filing a complaint" and "litigat[ing] the matter through discovery and beyond." (ECF No. 52). Wells represents that Autry was brought in as Plaintiff's counsel only after the case had reached settlement stage and that Autry has done "little or no substantive work." (ECF No. 52). Addressing the missing fee agreement, Wells explains that his former associate, Neglia, absconded with client files, including copies of the fee agreement. (ECF No. 52).

**II.   STANDARD OF REVIEW**

"Federal courts are courts of limited jurisdiction." Royal Canin U.S.A., Inc. v. Wullschleger, No. 23-677, 2025 WL 96212 at *3 (S. Ct. Jan. 15, 2025). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[,] [and] the burden of establishing [jurisdiction] rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A district court may exercise jurisdiction if it has federal-question jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") or diversity jurisdiction under 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different states."). A court may review its jurisdiction *sua sponte*. See Bonner v. Perry, 564 F.3d 424, 426 (6th Cir. 2009).

A federal court may also exercise "supplemental jurisdiction over related claims that arise from the same core of operative facts that prompted the lawsuit over which the court has original jurisdiction." Exact Software North America, Inc.

5

v. DeMoisey, 718 F.3d 535, 541 (6th Cir. 2013). See also Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 558-59 (2005). Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Federal courts may decline supplemental jurisdiction over a state law claim if: "(1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Eaves v. United States, No. 4:07-cv-118, 2011 WL 13213565 at *1 (W.D. Ky. Jun. 8, 2011) (quoting 28 U.S.C. § 1367(c)). "The exercise of supplemental jurisdiction is discretionary." Id. (citing City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 172-73 (1997)); see also Transcontinental Leasing, Inc. v. Michigan Nat'l Bank of Detriot, 738 F.2d 163, 166 (6th Cir. 1984) ("A district court has broad

6

discretion in deciding whether to exercise supplemental jurisdiction over state law claims).

When considering attorneys' fee disputes, a district court may exercise supplemental jurisdiction to the extent that the dispute "relates to the main action." Kalyawongsa v. Moffett, 105 F.3d 283, 287 (6th Cir. 1997) (citing Cluett, Peabody & Co. v. CPC Acquisition Co., 863 F.2d 251, 256 (2d Cir. 1988)). A district court also has "broad equit[able] power to supervise the collection of attorneys' fees under contingent fee contracts." Krause v. Rhodes, 640 F.2d 214, 218 (6th Cir. 1981). "Although attorneys' fees arrangements are contracts under state law, the federal court's interest in fully and fairly resolving the controversies before it requires court to exercise supplemental jurisdiction over fee disputes that are related to the main action."[1] Kalyawongsa, 105 F.3d at 287-88.

---

[1] Although the Sixth Circuit's used the word "requires" in Kalyawongsa, established case law has consistently held that the exercise of supplemental jurisdiction over attorneys' fee disputes is discretionary. See TC Power Ltd. v. Guardian Industries Corp., 969 F.Supp.2d 839, 841 (E.D. Mich. 2013) (noting that a literal reading of the word "requires" in Kalyawongsa is "at odds with traditional notions of supplemental jurisdiction that grant the district courts *discretion* in exercising jurisdiction."). Notably, the Kalyawongsa court relied on decisions by the Second, Ninth, and Tenth Circuits, all of which held that the exercise of supplemental jurisdiction is discretionary, not mandatory. See Kalyawongsa, 105 F.3d at 286-87; see also Cluett, Peabody & Co. v. CPC Acquisition Co., 863 F.2d, 256 (2d Cir. 1998) ("[i]t is well settled that a federal court may, in its discretion, exercise ancillary jurisdiction to hear fee disputes …"); Curry v. Del Priore, 941 F.2d 730, 731 (9th Cir. 1991) ("fee disputes arising from litigation pending before a district court fall within that court's ancillary jurisdiction. Ancillary jurisdiction permits courts to adjudicate matters …"); Jenkins v. Weinshienk, 670 F.2d 915, 918 (10th Cir. 1982) ("[a]ncillary jurisdiction rests on the premise that a federal court acquires jurisdiction of a case or controversy

7

**III. ANALYSIS**

    **A.   The Court Lacks Supplemental Jurisdiction**

This Court exercised diversity jurisdiction over the original case pursuant to 28 U.S.C. § 1332. That case concluded when the Court dismissed it with prejudice following the parties' joint stipulation after settlement. (ECF Nos. 44-46). No motion to reopen the case has been filed. The question now is whether the Court retains supplemental jurisdiction over the attorneys' fee dispute despite the entry of judgment in 2022.

Although the Sixth Circuit in Kalyawongsa recognized that district courts have broad discretion to exercise supplemental jurisdiction over attorneys' fee disputes "relate[d] to [a] main action," Kalyawongsa, 105 F.3d at 287-88, that discretion does not extend to disputes arising *after* the main action has closed. Only in limited circumstances may a district court exercise "jurisdiction over related *proceedings* that are technically separate from the initial case that involved federal subject matter jurisdiction." Brawner v. Scott County, Tennessee, No. 3:17-cv-108, 2024 WL 832886 at *3 (E.D. Tenn. Feb. 5, 2024) (quoting 13 Charles Alan Wright et al., Federal Practice &

---

in its entirety. Incident to the disposition of the principal issues before it, a court may decide collateral matters necessary to render complete justice.").

Procedure § 3523.2 (3d ed. 2024)) (emphasis in original); see also Caudill v. N. Am. Media Corp., 200 F.3d 914, 916 (6th Cir. 2000).

"In the context of settlement agreements, a federal court can exercise [supplemental] jurisdiction over a subsequent action involving the settlement *only if* the settlement terms are made part of the order of dismissal – either by separate provision (such as a provision retaining jurisdiction over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." 202 N. Monroe, LLC v. Sower, 850 F.3d 265, 270 (6th Cir. 2017) (quoting Kokkonen, 511 U.S. at 381) (internal quotations omitted). "In such cases, any challenge to the [settlement] agreement is a challenge to the court's order[,] and the court can exercise [supplemental] jurisdiction to effectuate its decree." Kokkonen, 511 U.S. at 381.

Here, the Court lacks supplemental jurisdiction because the settlement terms were not incorporated into the parties' stipulation of dismissal or the Court's November 23, 2022 dismissal order. Neither the stipulation nor the dismissal order contains any language retaining jurisdiction over the settlement agreement. To the extent the order mentions the parties' settlement, that passing reference is insufficient because "[t]he mere reference in [a dismissal] order to [a settlement]

9

does not incorporate the Agreement into the order." Scelsa v. City University of New York, 76 F.3d 37, 41 (2d Cir. 1996) (citing Miener v. Missouri Dept. of Mental Health, 62 F.3d 1126, 1128 (8th Cir. 1995)). See also McAlpin v. Lexington 76 Auto Truck Shop, Inc., 229 F.3d 491, 502 (6th Cir. 2000) (holding that "the district court's incorporation in its dismissal order of only a single term of the parties' 20-page settlement agreement is insufficient to support the court's exercise of ancillary jurisdiction over the entire agreement."). Because "federal courts are courts of limited jurisdiction," any retention of jurisdiction must be explicit. Wullschleger, 2025 WL 96212 at *3. Because there is no explicit retention of jurisdiction, the Court lacks jurisdiction to resolve the fee dispute.

Wells, who was not a party to this litigation, has failed to meet his burden of establishing jurisdiction. As the disputant asserting jurisdiction, he must demonstrate a valid basis for the Court's continued exercise of supplemental jurisdiction after the original case has been terminated. See Kokkonen, 511 U.S. at 377 ("[T]he burden of establishing [jurisdiction] rests upon the party asserting jurisdiction."). Wells' only justification for supplemental jurisdiction is that "the case [was] for a settlement of at least $75,000." (ECF No. 52).

10

However, the amount in controversy, although required for diversity jurisdiction, is not dispositive of the Court's determination about supplemental jurisdiction.

Wells' Motion was filed more than two years after the original case had been dismissed with prejudice based on the parties' stipulation. That stipulation constituted a final adjudication on the merits. See Warfield v. AlliedSignal TBS Holdings, Inc., 267 F.3d 538, 541-42 (6th Cir. 2001) ("A voluntary dismissal with prejudice operates as a final adjudication on the merits … [and] the stipulation is the legally operative act of dismissal and there is nothing left for the court to do."); see also Harrison v. Edison Bros. Apparel Stores, Inc., 924 F.2d 530, 534 (4th Cir. 1991) (holding that a voluntary dismissal with prejudice "is a complete adjudication on the merits of the dismissed claim."); Nickell v. Bank of America, No. 11-2006-STA, 2012 WL 5384165 at *2-3 (W.D. Tenn. Nov. 1, 2012) (declining to exercise supplemental jurisdiction over a fee dispute between the plaintiffs and their former attorneys where "the only claim presented in this matter over which the Court has original jurisdiction is now settled.").

To reopen a case dismissed with prejudice, a party must file a motion for post-judgment relief under Federal Rule of Civil Procedure 60(b). See Marcelli v. Walker, 313 Fed.Appx.

11

839, 842 (6th Cir. 2009) (citing Fed. R. Civ. P. 60(b)). Even if a party were to file a Rule 60(b) motion, it would be time-barred. "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of proceeding." Fed. R. Civ. P. 60(c)(1). "This time limit is jurisdictional, and the district court does not have the discretion to extend the period of limitation." Mitchell v. Rees, 261 Fed.Appx. 825, 830 (6th Cir. 2008) (citing Smith v. Sec'y of Health & Human Servs., 776 F.2d 1330, 1332-33 (6th Cir. 1985)). More than a year had passed before Wells filed his Motion, and Wells was not a party to the litigation.

"At this juncture, there is no civil action suit pending in this Court that contains one or more claims over which the Court has original subject matter jurisdiction which can support and allow the exercise of supplemental jurisdiction[.]" Perkins v. Booker, No. 2:08-cv-97, 2011 WL 3664689 at *5 (W.D. Mich. Aug. 19, 2011). Once the Court entered judgment in this case on November 23, 2022, its jurisdiction ended.

**B.   The Court Lacks Original Jurisdiction**

Although this Court lacks supplemental jurisdiction, it may exercise original jurisdiction over this matter as a separate

12

case if the statutory requirements of 28 U.S.C. § 1331 or § 1332 are satisfied. As explained below, neither requirement is met.

The Court lacks federal-question jurisdiction under 28 U.S.C. § 1331 because the attorneys' fee dispute does not arise under federal law. Attorneys' fee disputes are quintessential state contract law disputes. See Kalyawongsa, 105 F.3d at 287 (citing Novinger v. E.I. DuPont de Nemours & Co., 809 F.2d 212, 217 (3d Cir. 1987)) ("Attorneys' fee arrangements in diversity cases, and in most federal question cases as well, are matters primarily of state contract law."); see also Stubblefield v. Truck Stops Corp. of America, 117 F.3d 1421, 1421 (6th Cir. 1997) ("[A]ttorney's fees [are] a state-law contract action."). Here, Plaintiff and Wells dispute whether Wells is entitled to an attorneys' lien for either 33 and 1/3% of the settlement amount under a contingent fee agreement or a *quantum meruit* recovery, and if so, the amount of the fee. That is a state law issue governed by Tennessee contract law. Resolving this dispute may require examining the nature and circumstances of contract formation, the parties' course of performance, and the statements Wells and Plaintiff made about the terms of any agreement. Tennessee courts are best positioned to make these determinations. See Fairlane Car Wash, Inc. v. Knight Enterprises, Inc., No. 07-10165, 2011 WL 164108 at *4 (E.D. Mich.

Jan. 19, 2011) (noting that state courts are best positioned to make factual inquiries into contract formation, performance, and breach). If Wells seeks relief under state contract law, his remedy lies with the Tennessee courts.

The Court cannot exercise diversity jurisdiction under 28 U.S.C. § 1332. Neither the amount-in-controversy requirement nor the complete diversity requirement is met. Wells argues that the Court should exercise jurisdiction because the total settlement amount is $75,000. (ECF No. 52). However, the settlement amount itself is not in dispute. The only disputed amount is the contingent fee, which at most constitutes 33 and 1/3% of the total settlement – $25,000 – well below the jurisdictional threshold.

Even if the amount-in-controversy requirement were satisfied, the disputants would not be diverse. "For a federal court to have subject matter jurisdiction over an action based on diversity jurisdiction, there must be complete diversity of citizenship between all plaintiffs and all defendants." CMPS Institute, LLC v. MMG II, LLC, 521 F.Supp.2d 616, 617 (E.D. Mich. 2007) (citing 28 U.S.C. § 1332(a)). Complete diversity requires that "no plaintiff and no defendant are citizens of the same state." Jerome-Duncan, Inc. v. Auto-By-Tel, LLC, 176 F.3d 904, 907 (6th Cir. 1999) (citing U.S. Fid. & Guar. Co. v. Thomas

14

Solvent Co., 955 F.2d 1085, 1089 (6th Cir. 1992)). Here, both Plaintiff and Wells are citizens of Tennessee. Plaintiff resides in Memphis, Tennessee. (ECF No. 1). Wells is also a Memphis resident, and his law firm, Wells & Associates, PLLC, is located in Memphis, Tennessee. (ECF No. 1). Because diversity is not complete, the Court lacks jurisdiction over the attorneys' fee dispute.

**IV. CONCLUSION**

For the reasons stated above, this Court lacks jurisdiction to resolve the attorneys' fee dispute between Plaintiff and Wells. The original case was dismissed with prejudice more than two years ago, and no party has filed a motion to reopen. The reasonable time limit for filing such a motion has passed.

Wells' Motion for the Court to Exercise Supplemental Jurisdiction (ECF No. 52) is **DENIED.**

Plaintiff's Motion to Declare Attorneys' Lien Invalid (ECF No. 51) is **DENIED.**

SO ORDERED this _7th_ day of February, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

15